IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE BORTON,  :  :  Plaintiff,  :  :  v.  :  :  FINANCIAL CREDIT SERVICE, INC.,  : d/b/a various names, including "Asset  : Recovery Associates" and "ARA, Inc.,"  : Defendant.  :  : | Civil Action File  No. _____ |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. sections 1331 & 1337 and 15 U.S.C. section 1692k(d).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claim as it is so related to Plaintiff's federal claim that the two claims form part of the same case or controversy.

4. Venue in this District is proper because a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

5. Plaintiff is a natural person who is authorized to bring this action.

6. Plaintiff is a resident of this State, District and Division.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Defendant FINANCIAL CREDIT SERVICE, INC. is a corporation organized under the laws of the State of Illinois.

9. FINANCIAL CREDIT SERVICE, INC. does business with the public under various other names than the true corporate name of defendant.

10. FINANCIAL CREDIT SERVICE, INC. does business under various names which include "Asset Recovery Associates" and "ARA, Inc."  [Hereinafter said defendant is referred to as "ARA."]

11. ARA is subject to the jurisdiction and venue of this Court.

12. ARA collects consumer debts throughout the United States.

13. ARA collects consumer debts from consumers in the State of Georgia.

14. ARA may be served by personal service upon its officer and registered agent, to wit:  Mario Bianchi, 1919 S Highland Ave., Ste. 225A, Lombard, Illinois 60148, or wherever he may be found.

15. ARA regularly uses the mails and telephone communications in a business the principal purpose of which is the collection of debts.

16. ARA regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

17. ARA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

19. The alleged debt which ARA attempted to collect from the Plaintiff arose from personal MasterCard credit card.   [Hereinafter referred to as "ALLEGED DEBT."]

20. The ALLEGED DEBT was incurred for personal, family or household purposes.

21. The ALLEGED DEBT was incurred to purchase various personal and household items for Plaintiff's personal use.

22. The ALLEGED DEBT constitutes a "debt" within the meaning of 15 U.S.C. section 1692a(5).

23. The ALLEGED DEBT was in default for non-payment prior to 2005.

24. Due to the time that had elapsed since the default, the ALLEGED DEBT could not be legally reported on Plaintiff's credit report at the time that ARA commenced communicating with Plaintiff.

25. Due to the time that had elapsed since the default, the statute of limitation for brining a legal action on the ALLEGED DEBT had run at the time that ARA commenced communicating with Plaintiff.

26. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, ARA communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

27. Commencing within a year preceding the filing of this action, Plaintiff began to receive a series of telephone communications from defendant ARA.

28. In these telephone communications, ARA's telephone collectors threatened to pursue civil litigation against Plaintiff to collect the ALLEGED DEBT unless Plaintiff made payment on the ALLEGED DEBT.

29. In an initial letter from ARA dated June 12, 2013 and mailed on or after that date, ARA stated, in part:

> . . . As of today, you owe **$8,220.87**, which is now due in full. Your financial and credit history are currently being reviewed by our finalization department to determine our next course of action. Should this debt go unpaid our intention is to seek whatever remedies are available. Please remit a check for the amount of **$8,220.87** payable to ARA, Inc. . . ..

(Bold emphasis as in original)

30. The language of ARA's initial letter is intended to give the false impression to the least sophisticated consumer that collection "action" and "remedies" would be sought in court unless the consumer makes payment.

31. The language of ARA's initial letter is intended to buttress and re-enforce the false statements made in ARA's telephone collection calls that ARA would start a civil action against Plaintiff.

32. ARA had no intention to take any "course of action" in court.

33. ARA had no intention to "seek . . . remedies" in court.

34. ARA had no intention or authorization to pursue any legal case against Plaintiff.

35. Any legal action taken by ARA against Plaintiff to collect the ALLEGED DEBT would have been in violation of the governing statute of limitation.

36. As a direct result of the ARA's false threats that it could and would pursue a civil action against Plaintiff, Plaintiff agreed to make payment on the ALLEGED DEBT.

37. On or about June 17, 2013, as a direct result of the duress resulting from ARA's illegal acts, Plaintiff agreed to make a payment of $1,000.00 to ARA on the ALLEGED DEBT.

38. In a second written communication from ARA dated June 17, 2013, and sent by electronic means on or about that date, ARA stated, in part:

    > Upon receiving your check by phone or credit card payment of **$1,000.00** by **June 17, 2013** and when this payment clears as paid, your account will be settled in full and satisfied. Additionally, ARA Inc. will not report any derogatory information to the credit bureaus. If for any reason this settlement is not met, this offer becomes NULL and VOID and the full balance of **$8,085.08** will become due.

    (Bold emphasis as in original)

39. The language of ARA's second letter is intended to give the false impression to the least sophisticated consumer that unless payment was made it was an actual and legal possibility that ARA would "report derogatory information to the credit bureaus."

40. The language of ARA's second letter is intended to buttress and re-enforce the false statements made in ARA's telephone collection calls that Plaintiff faced adverse actions by ARA absent payment.

41. On or about June 17, 2013, Plaintiff gave ARA's telephone caller her bank account information by telephone to authorize ARA to take a payment of $1,000.00 from Plaintiff's bank account.

42. Plaintiff would not have made this payment except for the false threats made by ARA.

43. The sum paid constitutes an actual damage suffered by Plaintiff.

44. As a direct and proximate cause of the wrongful conduct of ARA, Plaintiff has suffered additional actual damages.

45. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered anxiety, fear, worry, concern and emotional distress.

46. Defendant's communications violate the Fair Debt Collection Practices Act.

47. Defendant's communications violate Georgia's Fair Business Practices Act.

48. Plaintiff has complied with all conditions precedent, if any, to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

49. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

50. Defendant's violations of the FDCPA include, but are not limited to, the following:

51. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

52. The false representation of the character, amount or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

53. The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

54. The threat to communicate credit information which is known to be false, in violation of 15 U.S.C. § 1692e(8);

55. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

56. The failure to properly communicate the information mandated by 15 U.S.C. § 1692g.

57. As a result of said defendant's actions, Plaintiff is entitled to an award of 1) actual damages and 2) statutory damages, as well as 3) an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

58. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

59. As a result of Defendant's actions, Plaintiff is entitled to an award of actual, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THE COURT ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT, AS FOLLOWS:

   A.  That the Court award actual, treble, exemplary and statutory damages pursuant to 15 U.S.C. §1692k(a)(1) and 1692k(a)(2);

B.  That the Court award attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3)and O.C.G.A. § 10-1-399; and

C.  That the Court award such other or further relief as the Court deems proper.

**SKAAR & FEAGLE, LLP**

by:  /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax